# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VU NGUYEN,<br><br>    Defendant. | Case No. 2:03-CR-00158-KJD-PAL<br>           2:09-CV-02257-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#218). The Government filed a response in opposition (#227) to which Defendant replied (#231).

I. Procedural History

Movant Vu Nguyen ("Nguyen" or "Defendant") is in federal custody serving a 356-month sentence imposed by this Court on convictions for conspiracy to interfere with commerce, interference with commerce by violence, and use of a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. § 371, § 1951(a), and §§ 924(c) and (j). Nguyen timely filed the present motion on November 24, 2009, within one year after the Supreme Court's December 8, 2008 denial of his petition for certiorari. This Court has jurisdiction under 28 U.S.C. § 2255.

In September 2001, a grand jury in the Northern District of California indicted Nguyen and lead defendant Duong for their involvement in a robbery/homicide committed on September 16, 1999, in Las Vegas, Nevada ("Las Vegas robbery/homicide"). The California indictment also charged Duong and others with additional robberies and homicides under the "RICO" statute (18 U.S.C. §§ 1962(c)&(d)).

In 2003, the government determined proper venue for Nguyen lay in the District of Nevada, because he participated only in the Las Vegas robbery/homicide. Nguyen chose not to waive venue. Consequently, on April 2, 2003, a grand jury in the District of Nevada indicted Nguyen for his involvement in the Las Vegas robbery/homicide. The indictment charged him with conspiracy (18 U.S.C. § 371)(Count One), a Hobbs Act robbery (18 U.S.C. § 1951(a))(Count Two), and carrying and using firearms in a crime of violence resulting in death (18 U.S.C. §§ 924(c) and (j))(Count Three). The government subsequently dismissed the California indictment against Nguyen. On July 20, 2004, the government filed a superseding indictment in Nevada to conform with *Blakely v. Washington*, 542 U.S. 296 (2004). After Defendant was indicted in the District of Nevada, he was represented by Michael J. Kennedy and Michael K. Powell.

Nguyen proceeded to a jury trial which lasted seventeen days. The government called approximately 30 witnesses in its case-in-chief, including several percipient witnesses and eight cooperators. The court admitted numerous statements over Nguyen's objection pursuant to F.R.E. 801(d)(2)(E), 804(b)(3), and United States v. Boone, 229 F.3d 1231 (9th Cir. 2000). The government called two agents to summarize evidence. Agent Dwyer summarized bank and telephone records. Agent Wirth briefly testified about other robberies and homicides mentioned during trial by the government and the defense. He also explained how he developed the case against Nguyen.

Nguyen put on a defense and the government called two witnesses in rebuttal. Nguyen timely moved for a judgment of acquittal pursuant to Federal of Rule of Criminal Procedure ("Rule") 29(a). The Court denied the motion.

1  On February 10, 2005, after deliberating approximately one hour, the jury convicted Nguyen
2 on all counts. The Ninth Circuit affirmed by memorandum decision on appeal. United States v.
3 Nguyen, 267 Fed. Appx. 699 (9th Cir. February 22, 2008).  The Supreme Court denied Nguyen's
4 petition for writ of certiorari on December 8, 2008.

II.  Facts

On September 16, 1999, Anh The Duong and Vu Nguyen went to the Chong Hing Jewelers, at 4215 West Spring Mountain Road in Las Vegas, Nevada, to rob the jewelry store.  Duong and Nguyen were masked and carrying an assault-type rifle.  As they approached the store, Duong fatally shot security guard, Kenneth Bailey in the back.  A witness advised that Mr. Bailey had been washing the store's windows with his back to Duong, when Duong shot him.  The witness observed Mr. Bailey turn around and take a few steps forward before he collapsed.  The victim's body was subsequently found several feet from the store entrance face down, between two cars in the parking lot, with his gun out of the holster beside him.  The victim was later pronounced dead, and a medical examiner testified at trial that Mr. Bailey was shot in the back.

Subsequent to the shooting, the defendants entered the store where two employees were working.  Duong forced one of the employees over the counter, and ordered the victim to open the watch cases.  The employee then unlocked the watch cases, the defendant opened the cases and took selective watches.  The watches taken were valued at approximately $885,000.  The robbers quickly fled the store in a car that was parked outside, with doors open, engine idling, and license plates covered.

Chong Hing Jewelers is a California corporation with a store in Las Vegas, Nevada, and stores in Northern and Southern California.  These stores sold, among other jewelry, expensive watches manufactured outside the United States including Switzerland, which therefore, traveled through interstate commerce to arrive in Las Vegas.  As result of the robbery in Las Vegas, Nevada, Chong Hing Jewelers was forced to close for several days resulting in a loss of revenue.  Ultimately, the store was forced to close their business, in part as a result of the robbery.

During the investigation of this offense and testimony from witnesses at the jury trial, Duong admitted to third parties that he had committed this robbery/homicide with Defendant, and that Duong used a rifle in this robbery and murder. Defendant, was a replacement participant. One day prior to the robbery, Duong borrowed a car from a third party witness to drive to Las Vegas. Duong advised that he needed to make some money. Subsequent to the robbery, Duong informed the witness that "we did it," indicating that he and the defendant robbed the jewelry store in Las Vegas, where they left the car. Additionally, Duong admitted to third parties that he shot the security guard. The defendant admitted to a third party that he committed the robbery/homicide with Duong and that Duong murdered the security guard and that he, the defendant, felt bad over the murder. Additionally, Duong advised a third party that the defendant was his new "partner in crime."

Although Duong was the shooter in this case, Nguyen is liable for the death of Kenneth Bailey as a co-conspirator and under the federal "felony murder" theory, at 18 U.S.C. § 1111. Investigation revealed that this robbery was one of several robberies committed by Anh The Duong and others of jewelry stores, a computer hardware manufacturer, banks, and businesses involved in interstate commerce. Duong is also charged with other murders that occurred in California. Duong is a known member of the "LF" street gang also known as the LAO Family. Defendant's only criminal involvement with Duong was his participation in the robbery/homicide in Las Vegas, Nevada. Defendant was an associate of the "V" street gang, known as the Vietnamese Mafia, but was not a confirmed member. He was a close friend of the leader of the "V."

III.  Standard of Reveiw

To establish ineffective assistance of counsel, a defendant must show both deficient performance of counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot

form the basis of an ineffective assistance claim.  Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984).

To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  The Supreme Court recently re-emphasized the burdens a defendant must overcome to establish ineffective assistance of counsel:

> Surmounting *Strickland's* high bar is never an easy task.  An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve.  Even under de novo review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.  The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 787-88 (2011) (citations and quotations omitted).

In order to establish a meritorious claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice.  Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995).  There is no need to evaluate counsel's performance if the petitioner fails to show his defense was prejudiced by counsel's alleged errors.  Strickland*,* 466 U.S. at 697.

IV.  Analysis

    A.  Alleged Failure of Trial Counsel to Investigate, Interview and Call Anh the Duong to Testify at Trial

Nguyen alleges trial counsel failed to investigate, interview, and call Anh The Duong as a witness at trial, even though Duong had confessed to the Las Vegas robbery, and made a statement to

his former girlfriend, Cindy Hoag, that Nguyen "was the wrong man." Nguyen argues that the traditional deference owed to strategic judgments of counsel is not justified if there was an inadequate investigation. In fact, trial counsel did investigate the prospect of Anh The Duong being a trial witness and his strategic decision not to attempt to call Duong is virtually unassailable. Mercado v. Crawford, 2010 WL 1688770, 11 (D.Nev. 2010) (Strategic decisions of counsel, such as what witnesses to call and evidence to present are virtually unassailable if made after reasonable investigation or a reasonable decision that further investigation is unnecessary. These decisions are examined with a "heavy deference to counsel's judgment.")(*citing* Strickland v. Washington, 466 U.S. at 690-691). Mr. Kennedy explains that he did not personally speak with Duong because to have done so would have violated Nevada Rule of Professional Conduct 4.2, regarding communications with persons represented by counsel, but he did contact Duong through his federal trial counsel, David Anderson, Esq., and Richard Zimmer, Esq., with whom Kennedy had extensive communications. Kennedy Affidavit at 8.

Duong had already been convicted of four murders and sentenced to death in the State of California. Id. at 8-9. Additionally, Duong was under federal indictment in the Northern District of California in a federal death penalty case in which he was specifically charged with the Las Vegas robbery and murder. Mr. Kennedy understood, through Mr. Anderson, that Duong would assert the Fifth Amendment protections against self-incrimination if subpoenaed to testify.[1] Id. at 9. Thus, "leaving aside strategy questions as to his utility," Duong was unavailable to defense counsel as a witness. Id.

Mr. Kennedy did subpoena Cindy Hoang and, over the government's objection, successfully presented Hoang's testimony about Duong's statements to her. Thus, the jury heard from Hoang –

---

[1] Contrary to Nguyen's assertion, Duong did not mention testifying for anyone in the interviews secretly recorded shortly after his arrest. Kennedy Afffidavit at 10.

who unlike Duong was not vulnerable to easy impeachment[2] – the substance of Duong's statements to her. Id. at 9-10.

Nguyen alleges that counsel should have called Duong as a witness to demonstrate his "factual innocence." However, he admits his participation in the robbery. See Declaration of Vu Nguyen ("Nguyen Declaration") attached to the present motion. He further admits that Duong's comment about Nguyen being the "wrong guy" referred only to the fact that it was Duong who shot the security guard, Id., which was uncontested at trial. Thus, an attempt to show Nguyen's actual innocence would have required Duong to lie. A defendant has no constitutional right to present perjury. See Nix v. Whiteside, 475 U.S. 157, 158 (1986) (right to counsel includes no right to have a lawyer who will cooperate with perjury). Nguyen cannot show either deficient performance of counsel or prejudice by counsel's failure to call Duong as a witness.

### B.  Alleged Deprivation of Right to Confront Witnesses

As an alternative challenge to counsels' failure to call Duong as a witness at trial, Nguyen argues Duong could have rebutted the testimony of "numerous government witnesses" by denying he told them Nguyen assisted in the Las Vegas jewelry store robbery. He argues counsels' failure to present Duong's testimony violated his Sixth Amendment rights under the Confrontation Clause as interpreted in Crawford v. Washington, 541 U.S. 36 (2004).

Nguyen's argument fails for the following reasons: Nguyen's allegation lacks sufficient specificity on its face to prevail; Duong was not available as a witness and there were significant tactical reasons not to call him as a witness, as addressed above; defense counsel objected to all of the challenged evidence that was not beneficial to Nguyen, Kennedy Affidavit at 11, and Nguyen cites no authority that defense counsel had a duty to do more; it does not appear that the proposed

---

[2] Hoang was a second grade teacher with no criminal history and no connection to Nguyen. Id. at 10.

testimony of "numerous government witnesses" was "testimonial";[3] the Ninth Circuit has already held Duong's statements made to co-conspirators were not testimonial because they were made either in furtherance of a conspiracy or in casual conversation, see United States v. Nguyen, 267 Fed.Appx. 699, 2008 WL 467804, **4 (9th Cir. 2008); the Ninth Circuit found the "testimonial" statements about which Agent Wirth testified on rebuttal were harmless error, Id. at **3; and Agent Wirth's testimony complained of here is not prejudicial to Nguyen. Finally, counsel were not ineffective for failure to present perjured testimony. See Nix, 475 U.S. at158.

### C. Failure to Request a Jury Instruction Defining "Causes"

Defendant argues that in order for his conviction under 18 U.S.C. § 924(j) to stand, he must have "caused" a death. He asserts that, since he did not shoot the victim, a conviction would have been unlikely if the jury had been instructed on the meaning of the word "cause." He concludes trial counsel were ineffective for failing to request such a jury instruction.

Nguyen clearly conflates the legal theories under which he was convicted, or does not understand them. There was no dispute that Duong shot the security guard and was guilty of the section 924(j) charge as a principal. Nguyen was not convicted as a principal. The question for the jury to decide was whether Nguyen was guilty as an aider and abetter, or under the *Pinkerton* theory of coconspirator liability. See Kennedy Affidavit at 12-13. The Court properly instructed the jury on these alternate theories of liability. There was no need to define the common and ordinary meaning of "cause." Defense counsel were not ineffective for failing to move the court to do so.

### D. Failure to Request a Lesser Included Offense Jury Instruction

Also with respect to his conviction under Section 924(j), Nguyen argues that defense counsel were ineffective for failing to request a lesser-included-offense jury instruction under § 924(c). Nguyen again misunderstands the record. He asserts that Mr. Kennedy argued for a lesser-included-

---

[3] Federal courts have found that when a speaker does not know that he is speaking to an informant, or for other reasons would not reasonably expect that his statements may not be used at trial, his statements are not testimonial. See, e.g., Johnson v. Stolc, 2010 WL 4236934 (W.D. Wash. Aug. 10, 2010)(collecting cases).

offense instruction and then, for unknown reasons, abandoned the request to Nguyen's detriment. Kennedy did make a Rule 29(a) challenge to the sufficiency of the evidence for *Pinkerton* liability. See RT Trial, 2/9/05, pp. 14-15. In fact, Mr. Kennedy clarified at the time, (RT Trial, 2/9/05, p. 18) as well as later, that he was not arguing there was a need for a lesser-included jury instruction.

In his Rule 29(a) motion argued to the Court, Kennedy preserved a challenge to the evidence that the murder was foreseeable to Nguyen, and the issue was presented on appeal.[4] However, Kennedy determined that, instead of a trial defense assuming Nguyen's participation in the robbery, it was far superior to argue *to the jury* that Nguyen was not the second robber. See Kennedy Affidavit at 14-15. Based on the evidence, he was able to present a trial defense that Nguyen was not present at all. See Kennedy Affidavit at 6-8.

Nguyen now admits that he was indeed the second robber, but professes to have believed he convinced Duong to carry an unloaded firearm. See "Nguyen Declaration". Thus, it appears to be Nguyen who has changed course, since he did not relate that scenario to trial counsel. Moreover, as Mr. Kennedy explains, he would have advised against relying on the hope the jury would believe that defense. See Kennedy Affidavit at 15.

Mr. Kennedy made a reasoned strategic decision not to defend on the basis that Nguyen committed a lesser offense, but that Nguyen did not participate at all. There was no reason for a lesser-included-offense instruction, which would have distracted from or compromised the chosen defense. Nguyen has not carried his burden to demonstrate deficiency of counsel or prejudice.

E. Failure to Request Special Verdicts

Nguyen argues defense counsel were ineffective for failing to request special verdicts identifying: 1) the particular overt act upon which the jurors all agreed in order to convict on the conspiracy charged in count 1; and 2) the theory of liability under which they found Nguyen guilty for the murder charged in count 3.

---

[4] The Ninth Circuit upheld Nguyen's conviction based on *Pinkerton* liability. United States v. Nguyen, at **4.

### 1. Count 1

A specific unanimity instruction on the overt act was unnecessary with respect to the conspiracy charged in Count 1. See United States v. Liu, 631 F.3d 993, 1000-1001 (9th Cir. 2011)(ordinarily a general unanimity instruction is sufficient to protect defendant's rights to a unanimous verdict unless there is a genuine possibility of jury confusion or a conviction resulting from different jurors concluding that the defendant committed different acts). Even though it was unnecessary, the Court did instruct the jury in the present case that the jury must unanimously agree on a particular overt act that was committed pursuant to the conspiracy which was sufficient to protect Defendant's rights to a unanimous verdict. See id.

Furthermore here, as in Liu, one of the charged overt acts – the forcible taking of approximately $885,880 worth of watches on September 16, 1999 – was necessarily included in a finding of guilt on a substantive offense – count 2, interference with commerce by violence. Thus, there is no doubt the jury unanimously agreed at least as to overt act (c) as charged in the subject indictment.

### 2. Count 3

Kennedy vigorously sought to defend Nguyen with respect to the theory upon which he could be held liable for the murder. It was uncontested that Nguyen was not guilty as a principal. Kennedy submitted a proposed instruction requiring the jury to find specific intent with respect to aiding and abetting, he objected to the Court's aiding and abetting instruction in an effort to assure jury unanimity, and he objected to any instruction regarding *Pinkerton* co-conspirator liability with respect to § 924(j). See, Kennedy Affidavit at 16.

Moreover, a jury is not required to unanimously agree on the theory of liability. The Ninth Circuit has ruled that "jurors are not constitutionally required to unanimously agree on alternative theories of criminal liability." United States v. Kim, 196 F.3d 1079, 1083 (9th Cir. 1999) (*interpreting* Schad v. Arizona, 501 U.S. 624 (1991)); see also Sullivan v. Borg, 1 F.3d 926 (9th Cir. 1993)(instruction allowing jury to convict of first degree murder without unanimity as to whether

defendant had committed felony murder or premeditated murder did not violate defendant's due process rights). Thus, defense counsel's performance was not deficient by failure to request special verdicts with respect to either counts 1 or 3.  Furthermore, Nguyen has not demonstrated with a reasonable probability that the outcome of the trial would have been different had counsel done so.

      F.  <u>Alleged Waiver of Jury Determination on Sentencing Factors</u>

      Nguyen argues that defense counsel were ineffective for waiving his right to have the jury find sentencing factors.  Specifically, he claims it was improper for the Court, rather than jury, to make guideline determinations: 1) that the offense involved first degree murder rather than involuntary manslaughter; and 2) that there was a monetary loss of more than $800,000 but less than $1,500,000.  He faults defense counsel for allowing this to happen and not challenging the judicial findings on appeal.

      At sentencing, this Court rejected the recommendation of defense counsel, and found sentencing guideline § 2A1.1 (First Degree Murder), with a base offense level of 43, most analogous to the criminal act in this case. RT Sentencing, p. 42.  Then, based on the overall circumstances and specific factors, the Court departed five levels to base offense level 38.  <u>Id.</u> at 45.  This Court also determined the amount of loss was more than $800,000 but less than $1,500,00, pursuant to U.S.S.G. § 2B3.1(b)(7)(E). <u>Id.</u> at 46, PSR ¶ 32.

      These guideline determinations were clearly within the province of the Court.  The Ninth Circuit recently reiterated:

> The Sixth Amendment guarantees that a conviction must rest "upon a jury determination that the defendant is guilty of every element of the crime with which he is charged." <u>United States v. Gaudin</u>, 515 U.S. 506, 510 (1995).  As the Supreme Court has made clear, however, once there is a conviction, the sentencing judge is possessed of extraordinarily broad powers to find the facts that will drive the sentence.

<u>United States v. Fitch</u>, 659 F.3d 788, 798-99 (9th Cir. 2011) (upholding 17-year upward departure). The *Fitch* Court explained that under the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the jury must determine "any fact that increases the penalty for a crime beyond the

11

statutory maximum." Id. at 489. And thereafter, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court made the sentencing guidelines advisory, allowing the district court to continue to make guideline sentencing determinations as long as sentences ordered were less than the statutory maximum. See Fitch at 798-99.

The sentence ordered by this Court was well below the statutory maximum. Accordingly, this Court properly made the challenged sentencing guideline determinations. Counsel was not ineffective for not pressing an argument contrary to current law.

G.  Alleged Failure to Correct Improper Restitution Order

Defendant argues that the Court improperly ordered restitution of $885,880 knowing he could not pay that amount, and that defense counsel was ineffective for failure to object.

However, Nguyen's cited 1993 authority is inapplicable to the Mandatory Restitution Act, effective April 24, 1996, codified at Title 18 United States Code § 3663A, pursuant to which this Court ordered restitution. See also, Kennedy Affidavit at 18-19. This Court properly ordered restitution for the full amount of the loss determined by the Court, without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). Further, this Court provided instructions regarding payment, that is that Defendant pay no less than 10% of his gross monthly income while on supervised release, subject to adjustment by United States Probation, based upon ability to pay. RT Sentencing pp. 51-52; CR 182-2765517, Judgment, p. 6. Notably, this Court waived fines dues to Nguyen's financial situation. RT Sentencing p. 52. No ineffectiveness is shown by counsels' decision not to object to a proper order of the Court.

H.  Alleged Failure to Communicate Plea Offer

Nguyen argues that, while he rejected an initial plea offer, apparently in California, the government made another offer to his attorneys in Nevada, which they refused to communicate to him. He asserts: "Nguyen's attorney would not tell him what the offer was. They told him that they wanted to go to trial instead because they believed that they would win." Nguyen's trial counsel strongly disagrees.

Kennedy's affidavit states:

> In claim #9 of Defendant's petition, the assertion is made that I received a plea offer from the government yet failed to inform Defendant Vu Nguyen what the offer was. This is false. I have never failed to inform any defendant of any offer made to me during the course of my career and I informed Vu Nguyen of every offer, and the details of every offer, made by the government to him during my representation of him.

Kennedy Affidavit at 2. Kennedy provides the Court a detailed discussion of the pre-trial plea negotiations supported by his review of the case records. On or near May 28, 2004, he met with Nguyen and discussed the government's formal plea offer. He entered a note on that date that Nguyen rejected the offer. Kennedy Affidavit at 4. On or near June 4, 2004, Mr. Kennedy telephoned the prosecutors and relayed that Nguyen had rejected the plea offer. Id. Mr. Kennedy again avers, "This formal offer which Vu Nguyen rejected after consultation with me was the only offer made by the prosecution to Vu Nguyen during my representation of him – . . . ." Id. Mr. Kennedy explains that he suggested the case might be resolved if the prosecutors made a plea offer at or near 15 years imprisonment, but the prosecution made no such offer. Id.

Mr. Kennedy's detailed description of the only plea offer the prosecution made to him, supported by his review of file materials recording events at the time they occurred, and his unwavering practices with respect to plea agreements, far outweigh the credibility of Nguyen's unlikely assertion that Mr. Kennedy told him of another plea offer and then refused to tell him what it was. Common sense refutes the allegation. See Shah v. United States, 878 F.2d 1156, 1160 (9th Cir. 1989) (finding common sense suggests that it would be highly unusual for defense counsel to give a client the claimed advice). The *Shah* Court made its findings particularly in light of the district court's own knowledge of defense counsel's competence and experience. Id. This Court makes similar findings as to Mr. Kennedy. Mr. Kennedy is an experienced defense attorney. He was formerly the First Assistant Public Defender for the District of Nevada, and is currently the Chief Assistant for the Reno branch office of the Federal Public Defender. See Kennedy Affidavit at 1. This Court recognizes Mr. Kennedy's outstanding competence and experience. The Court also

13

makes similar findings with respect to defense co-counsel, Assistant Federal Public Defender Michael K. Powell. The defense was extraordinarily well prepared and vigilant. Numerous sidebars were held and evidentiary rulings made to deal with the significant and sometimes complex issues raised by a highly skilled defense team.

The relative incentives for Nguyen and Kennedy to misrepresent the truth are obvious. In addition to allegation with respect to "another plea agreement," this Court considers Nguyen's new found defense – that he made Duong prove to him the rifle was unloaded before the robbery ("Nguyen Declaration") – as it bears on Nguyen's credibility. The scenario described is as improbable as the fact that Nguyen would have waited until now to mention it, if it were true. See Kennedy Affidavit at 15 ("With respect to the facts presented in Vu Nguyen's affidavit at paragraph 4, had those facts been disclosed to me in an attorney-client communication before trial, I would have advised my client against testifying for many reasons, including the right not to incriminate oneself and the fact that, in my experience, a jury would not have found certain portions credible"). Likewise, Nguyen's conclusory allegations that, while advising him of the existence of a plea offer from the government, Mr. Kennedy refused to tell him its substance, are inherently incredible. See United States v. Geozos, 2010 WL 4942571, *2 (D.Alaska 2010) ("The district court may deny a § 2255 motion without holding an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or allege conclusions rather than statements of fact")(*citing* Sanders v. U.S., 341 F.3d 720 (8th Cir. 2003)). Nguyen does not carry his burdens on the basis of such allegations.

### I.  Cumulative Impact of Alleged Errors

Nguyen requests that the Court consider the total and cumulative impact of counsels' alleged errors in assessing his ineffective assistance of counsel claim. A defendant may prove that he has suffered prejudice sufficient to overturn a conviction based on the cumulative effect of errors. Fuller v. Roe, 182 F.3d 699, 704 (9th Cir.1999). In this case, however, none of Nguyen's claims have

merit. He has failed to show any constitutional deficiency of counsel. He cannot demonstrate prejudice resulting from the cumulative effect of the errors where there are none. See Villafuerte v. Stewart, 111 F.3d 616, 632 (9th Cir.1997) (per curiam).

J. Summary

Defendant's motion must be denied because he has failed to show either deficient performance of counsel or prejudice. Defendant is required to show both in order to prevail on a claim for ineffective assistance of counsel. Therefore, the Court denies his motion under § 2255.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#218) is **DENIED**.

DATED this 16th day of January 2013.

_____
Kent J. Dawson
United States District Judge