UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:03-CR-00158-KJD-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| VU NGUYEN, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Compassionate Release (#263). The Government filed a response in opposition (#264/265/266) to which Defendant replied (#267). Defendant also filed a Supplement (#268).

I. Background

On September 16, 1999, Defendant and co-conspirator, Anh The Duong, robbed a jewelry store in Las Vegas, Nevada. Duong was armed with an assault style rifle. As they approached the jewelry store, security guard Kenneth Bailey was washing the windows. With no warning, Duong shot Bailey in the back killing him. Defendant then entered the store, threatened the employees, made them unlock display cases containing expensive watches and then fled with approximately $885,000.00 in watches.

On February 10, 2005, a jury convicted Defendant of three counts of a superseding indictment: one count of conspiracy to interfere with commerce, one count of interference with commerce by violence, and one count of carrying or using a firearm during a crime of violence, resulting in death. On May 6, 2005, Defendant was sentenced to sixty-three (63) months each, on Count 1 and 2 to be served concurrently and 293 months on Count Three to be served consecutively to Counts 1 and 2.

Having committed these crimes at age 31, Defendant is now fifty-two (52) years old. He has significant health issues: primarily lung cancer treatment that required the removal of 1/3 of his right lung in 2019, followed by chemotherapy. Defendant was due to have a follow-up pet scan to determine whether the cancer was clear. He also has high blood pressure and high cholesterol. While Defendant had been detained at FCI Oakdale, he has now been transferred to CI Reeves III in Texas which is reporting no cases of inmate or staff infection.[1]

II. Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

\\\

\\\

---

[1] See Bureau of Prisons (BOP), COVID-19 Cases (updated daily) (last accessed February 1, 2021).

III. Analysis

While the Court does not disagree with the Government or Defendant that it could find extraordinary and compelling reasons based on Defendant's health, the Court cannot find that the factors set forth in 18 U.S.C. § 3553 counsel in favor of sentencing Defendant to time served. Those factors include the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available and sentencing ranges established in the guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution. 18 U.S.C. § 3553(a). The Court considered these factors on the day of sentencing and finds that they warrant the sentence as it stands today.

The Court must also consider the Sentencing Guidelines policy statement that before reducing a term of imprisonment that "defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)[.]" Defendant has not met his burden to show he is not a danger to the community. In considering dangerousness, the Court is guided by the sentencing factor focused on "the need for the sentence imposed … to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The robbery conducted by Defendant is one of the coldest and most violent offenses the Court has considered in its twenty (20) years. Defendant has only shown remorse when there was a direct benefit tied to that expression. He spent most of his time after committing the crime through his direct appeal denying having participated in the crime at all. Only after all other appeals had failed did Defendant admit culpability and he only did that, so that he could pursue an ineffective assistance of counsel claim against his excellent and committed trial counsel. Defendant's protestations of remorse and commitment to a crime-free life stand in a stark contrast to how he lived his life before his trial and during his appeals.

The only thing that freed Defendant of his association with criminal organizations and criminal leaders, such as Anh The Duong, was prison. Admittedly, Defendant was able to avoid serious prison sentences before the murder, which led the Government to move for upward departure based on underrepresentation of his criminal history. Defendant received significant consideration from the Court when he was sentenced to 293 months rather than life. Cutting

Defendant's sentence short before he has served his full sentence would undermine the statutory factors: particularly the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and to protect the public from further crimes of Defendant.

Further, release would provide little actual benefit to Defendant who has an immigration detainer pending. He would be released to ICE custody pending resolution of the announced intent to deport him. Merely releasing him from BOP custody to ICE custody would undermine the intent of the First Step Act, CARES Act, and § 3582(c). Accordingly, the Court denies Defendant's motion for compassionate release.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (#263) is **DENIED**.

Dated this 2nd day of February 2021.

Kent J. Dawson
United States District Judge