UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VU NGUYEN,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:03-cr-00158-KJD-PAL<br><br>ORDER – Denying Motion for Sentence Reduction |

Presently before the Court is Defendant's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c) (#275). The FPD's office filed a notice of non-eligibility. (#277). For the reasons stated below, Defendant's motion is denied.

I.　　Factual and Procedural Background

On May 6, 2005, Defendant was sentenced to a total term of three hundred and fifty-six (356) months' imprisonment for committing the following offenses: (1) Conspiracy to Interfere with Commerce, (2) Interference with Commerce by Violence, and (3) Carrying/Using of Firearms During a Crime of Violence, Resulting in Death; Aiding and Abetting. (#182). Defendant now asks the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (#275).

II.　　Legal Standard

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" Dillon v. United States, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. <u>Dillion</u>, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. <u>Id.</u> at 827.

III. <u>Analysis</u>

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A. Part A

"Part A of Amendment 821 limits the overall criminal history impact of 'status points' . . . under § 4A1.1 (Criminal History Category)." <u>Id.</u> at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. Here, Defendant did not receive any "status points" when he was sentenced, thus he is not eligible for a sentence reduction under Part A of Amendment 821. (#277); PSR, at 11.

### B. Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). At the time of sentencing, Defendant had one criminal history point, indicating that he was not a zero-point offender, and thus, he is ineligible for a sentence reduction under Part B of Amendment 821. (#277); PSR, at 11.

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c) (#275) is **DENIED**.

Dated this 18th day of April 2024.

_____
Kent J. Dawson
United States District Judge